UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THURSTON M. BOLTON, ) | Civil Action No.: 4:13-cv-0607-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| WILLIAM R. BYARS, DIRECTOR, ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS ) | |
| J. BRYANT DIEHL, CHIEF CANTEEN ) | |
| BRANCH, SOUTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| INDIVIDUALLY AND IN THEIR ) | |
| OFFICIAL CAPACITIES, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Presently before the court is Plaintiff's Motion for a More Definite Statement.(Doc. #24). In this Motion, Plaintiff requests a more definite statement of Defendants' answer as to three paragraphs. Defendants filed a response in opposition. (Doc. #30).

Plaintiff requests a more definite statement to Paragraph II of Defendants' answer which pleads that there was "insufficient service of process and lack of service of process to FRCP Rule 12(b)(4)(5)" arguing that it is too vague and ambiguous such that he cannot be required to frame a responsive pleading as it fails to state specifically how he violated the procedure. Defendants filed a response in opposition on August 7, 2013, asserting that the defense specifically cites the rule and points out a defense of insufficient service of process, which would mean that the Defendants were not properly served, and a defense of lack of service which would mean the Defendants were not served.

Plaintiff requests a more definite statement to Defendants' defense in Paragraph VI that "Plaintiff's claims are barred by *res judicata*" arguing that it is vague and ambiguous and Plaintiff does not know how he is barred. Defendants contend in opposition that FRCP Rule 8(c) sets forth the

requirement for affirmative defenses, and *res judicata* is an affirmative defense. Further, Defendants assert that Plaintiff has filed an almost identical action in the Court of Common Pleas for Richland County so that this action would be barred by an adjudication of the action pending in the Court of Common Pleas. (Doc. # 30).

Plaintiff requests a more definite statement as to Defendants' Paragraph XVII of the answer which alleges that monies were properly debited as owed by the Plaintiff arguing that it is a partial admission of paragraphs 13 and 14 of the Complaint. Defendants respond in opposition that they are not required to state every detail of their factual allegations but are merely required to respond to the allegations contained in Plaintiff's Complaint." Id. Additionally, Defendants assert that through discovery they have provided Plaintiff with a copy of an agreement that he signed when he became a canteen operator and records showing his theft from the canteen which was discovered on January 17, 1990. Defendants aver that Plaintiff has been provided documentation and is aware of the reason for the debiting of his account.

Rule 12(e), Fed.R.Civ.P., states, in relevant part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether a motion for a more definite statement should be granted is a matter "generally left to the District Court's discretion." Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973). Orders requiring a more definite statement under Rule 12(e) are appropriate where a "pleading's vagueness prohibits defendant from filing a responsive pleading." Gleichauf v. Ginsberg, 859 F.Supp. 229 (S.D.W.Va., 1994) (citing Robinette v. Griffith, 483 F.Supp. 28, 36 (W.D.Va. 1979)). Repleading of defenses is available when an answer pleads an unintelligible defense. However, Plaintiff fails to meet his burden of showing that the challenged pleading is too vague or ambiguous. Therefore, Plaintiff's Motion for a More Definite

Statement (Doc. #24) is denied.

      **IT IS SO ORDERED**.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

October 11, 2013
Florence, South Carolina