```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                         FLORENCE DIVISION
```

| | |
|---|---|
| THURSTON M. BOLTON, | ) Civil Action No.: 4:13-cv-0607-RMG-TER |
| | ) |
|         Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| WILLIAM R. BYARS; DIRECTOR, | ) |
| J. BRYANT DIEHL; CANTEEN BRANCH | ) |
| NOEL HERBERT; ACCOUNTING MANAGER | ) |
| DONALD KINDRED; CANTEEN MANAGER | ) |
| INDIVIDUALLY AND IN THEIR | ) |
| OFFICIAL CAPACITIES, | ) |
| | ) |
|         Defendants. | ) |
| _____ | ) |

## PROCEDURAL BACKGROUND

The Plaintiff, Thurston M. Bolton ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on March 8, 2013, alleging violations of his constitutional rights. Plaintiff filed a motion to amend his complaint which was granted by Order of this court on October 1, 2013. Plaintiff filed his amended complaint on October 17, 2013. Defendants filed an answer to the amended complaint on November 1, 2013.

On November 4, 2013, Plaintiff filed a motion to voluntarily dismiss his complaint pursuant to Rule 41(A)(1). (Doc. #66). On December 12, 2013, Defendants filed a motion requesting that the dispositive motions deadline be enlarged up to and including thirty (30) days from the date the court rules on Plaintiff's Motion to Dismiss. (Doc. #68). Within this motion, Defendants noted that they would consent to a dismissal of the action with prejudice. (Id.). Plaintiff filed a response objecting

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

to the extension stating that "[s]ince, Defendants do not object to Plaintiff's dismissal of his complaint but, request that it be dismissed with prejudice. Under the federal Rules Plaintiff complaint should be dismissed without prejudice because Plaintiff has complied with all Rules." (Doc. #69, quoted verbatim).

Federal Rule of Civil Procedure 41(a)(1)(i) allows a plaintiff to voluntarily dismiss an action without an order of the court by filing a notice of dismissal prior to service of an answer or a motion for summary judgment by the opposing party. Alternatively, an action can be dismissed under Rule 41(a)(1) by stipulation by all parties who have appeared. Fed.R.Civ.P. 41(a)(1)(ii). After service of a responsive pleading and the parties do not stipulate to dismissal, a plaintiff may voluntarily dismiss an action only with leave of court under Federal Rule of Civil Procedure 41(a)(2). The terms of such dismissal are within the discretion of the court. *See* Fed.R.Civ.P. 41(a)(2)*; Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp*., 788 F.2d 1033, 1036 (4th Cir.1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. *See Rose v. Govan,* 2013 WL 254353, (D.S.C. Jan. 23, 2013) *(*unpublished*)* *(*quoting *Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 386 (S.D.W.Va. Sep.12, 2003)). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient

explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.*

Based on the record in this case and the *Vosburgh* factors above, voluntary dismissal without prejudice would be appropriate at this time. The court recognizes that the Defendants have incurred expenses in filing answers, motions, and responses to motions. However, Defendants have not filed any dispositive motions at this time and there has been no excessive delay or lack of diligence shown that would warrant dismissal with prejudice. There has been insufficient showing that Defendants would be substantially prejudiced by the dismissal.

## CONCLUSION

Wherefore, based upon the foregoing, the court recommends Plaintiff's motion to voluntarily dismiss this action pursuant to Rule 41(a)(2) be GRANTED and the case dismissed without prejudice. Further the court recommends that any remaining motions in this action be terminated.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 20, 2014  
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**