IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THURSTON M. BOLTON, | ) |
| Plaintiff, | ) No.: 4:13-cv-607-RMG |
| -vs- | ) |
| | ) **ORDER** |
| WILLIAM R. BYARS, DIRECTOR; J. BRYANT DIEHL; CANTEEN BRANCH NOEL HERBERT; ACCOUNTING MANAGER DONALD KINDRED; CANTEEN MANAGER INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, | ) |
| Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Plaintiff's motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2) and dismiss the case without prejudice. (Dkt. No. 72). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Plaintiff then filed a motion to amend his complaint. (Dkt. No. 28). The Magistrate Judge granted the motion on October 1, 2013. (Dkt. No. 49). Defendants filed an answer to the amended complaint on November 1, 2013. (Dkt. No. 63).

1

Plaintiff then filed a motion to voluntarily dismiss his complaint. (Dkt. No. 66). Subsequently, on December 12, 2013, Defendants filed a motion requesting that the dispositive motion deadline be enlarged. (Dkt. No. 68). By that motion, Defendants noted they would consent to dismissal of the action with prejudice. Plaintiff then filed a response requesting that the complaint be dismissed without prejudice. (Dkt. No. 69). The Magistrate Judge then issued the present R&R recommending this matter be dismissed without prejudice. (Dkt. No. 72). No objections were filed.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

Under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper. Absent substantial prejudice to the defendant, a plaintiff's motion under Rule 41(a)(2) should not be denied. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Rose v. Govan*, No. 4:11–cv–03352–JMC, 2013 WL 254353, at *1 (D.S.C. Jan. 23, 2013) (quoting *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003)).

Here, the Magistrate Judge thoroughly reviewed the pleadings, accurately summarized the law, and correctly concluded that the Court should grant Plaintiff's motion to dismiss without prejudice. (Dkt. No. 72 at 3). While Defendants have incurred expenses in filing answers, motions, and responses to motions, there has not been an excessive delay or lack of diligence on part of Plaintiff, nor is there a motion for summary judgment pending. Therefore, voluntary dismissal without prejudice is appropriate.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 72). Accordingly, the Court GRANTS Plaintiff's motion to dismiss this action without prejudice. (Dkt. No. 66). All other motions are terminated as moot.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

March 14, 2014
Charleston, South Carolina